```
                    UNITED STATES DISTRICT COURT

                    WESTERN DISTRICT OF MISSOURI


UNITED STATES OF AMERICA,       )
                                )
              Plaintiff,        )
                                )
     vs.                        )   Case No.
                                )   18-00272-01-CR-W-GAF
ROBERT J. THOMAS, JR.,          )
                                )
              Defendant.        )
```

TRANSCRIPT OF SENTENCING HEARING
BEFORE THE HONORABLE GARY A. FENNER
SENIOR UNITED STATES DISTRICT JUDGE
AUGUST 27, 2020
KANSAS CITY, MISSOURI

APPEARANCES

FOR THE PLAINTIFF:
    MR. WILLIAM A. ALFORD, III
    United States Attorney's Office
    Charles Evans Whittaker Courthouse
    400 East Ninth Street, Floor 5
    Kansas City, Missouri 64106

FOR THE DEFENDANT:
    MR. TRAVIS POINDEXTER
    Federal Public Defender's Office
    1000 Walnut, Suite 600
    Kansas City, Missouri 64106


    Proceedings recorded by mechanical stenography, transcript produced by computer

KATHERINE A. CALVERT, RMR, CRR
FEDERAL OFFICIAL COURT REPORTER
CHARLES EVANS WHITTAKER COURTHOUSE
400 EAST NINTH STREET
KANSAS CITY, MISSOURI 64106

1

```
 1                          AUGUST 27, 2020
 2              (The proceedings commenced at 2:30 p.m.)
 3              THE COURT:  Thank you.  You can all be seated.
 4              Since I'm socially distanced up here and I have this
 5   protective shield, I'm removing my mask so everyone can hear
 6   and see me; but it's very important that you don't take this as
 7   an indication that it is not important for those of you who are
 8   in close proximity and also in areas that are used by others
 9   throughout the course of the day to keep your masks in place.
10              Are you ready, Mr. Alford?
11              MR. ALFORD:  I am, Your Honor.
12              THE COURT:  And, Mr. Poindexter?
13              MR. POINDEXTER:  We are, Judge.
14              THE COURT:  Mr. Poindexter, you reviewed the
15   presentence report with Mr. Thomas; is that correct?
16              MR. POINDEXTER:  I did, Judge.
17              THE COURT:  And you don't have any objections to the
18   information provided?
19              MR. POINDEXTER:  That is correct, Your Honor,
20   subject to just what we would like to reserve to argue about.
21              THE COURT:  All right.  Thank you.
22              As reflected in the presentence report, given Mr.
23   Thomas' classification as a career offender, there is no total
24   offense level; however, his criminal history category is VI.
25              Pursuant to the guidelines under 4B1.1, there is a
```

recommended range of punishment for consideration of 262 to 327 months, and there is a mandatory five-year sentence under Count 4 consecutive to any sentence imposed under Count 2.

Mr. Poindexter, you filed a sentencing memorandum, and you've also provided me with a number of letters in support and reflecting upon Mr. Thomas. I've read and reviewed all of that.

Would you like to speak now to what you feel would be an appropriate sentence any further, Mr. Poindexter? And if you could come over to the lectern for me, I'd appreciate that.

MR. POINDEXTER: Thank you, Your Honor.

As reflected in our sentencing memorandum, our primary argument based on practicality and what a just sentence we believe would be in this particular case is something that the Sentencing Commission and other courts have already recognized and that is the excessive range of an enhancement that career offenders may have in certain circumstances, particularly when dealing with an individual who doesn't have crimes of violence in their past or their history.

When you take a look at this particular instance, the reason that Mr. Thomas is classified as a career offender is for prior drug offenses from Jackson County from about a decade ago, and there are not crimes of violence that result in his classification as a career offender.

When you look at the facts and circumstances of this

1 case, specifically what you will note and even by probation's
2 own calculation absent the career offender, his drug offenses
3 are relatively minimal in comparison to the drug cases that
4 this Court normally sees based upon actual investigations
5 related to drug traffickers.

6 In this particular case the probation office
7 calculated a drug weight that was a total of 16; and although
8 they indicated he would get a two-level reduction for
9 acceptance, Judge, I believe he should actually receive a
10 three-level reduction for anything 16 or above. That's why my
11 number reflects as a career offender he would be at a 13,
12 level VI, which would be a 33- to 41-month range.

13 Then simply because of the way the offense was charged
14 in Jackson County ten years ago, that sentencing range is
15 extrapolated many times over, and what I quoted there from the
16 Sentencing Commission in my motion was a report they actually
17 produced for Congress back in 2016 noting that
18 drug-trafficking-only career offenders are really -- they don't
19 say really -- are not meaningfully different from other federal
20 drug-trafficking offenders and should not categorically be
21 subject to the significant increase in penalties that it would
22 require. I also couple that with other courts that have
23 acknowledged that the Sentencing Commission has made that
24 recommendation.

25 It is all discretionary with you, Judge. Clearly

he's going to have a 60-month sentence regardless, and that's no slap on the wrist. The real question is what should be the appropriate penalty for the drugs that he had? When you look at the history that he had more recently, again, his last actual offenses were some time ago, he was last out of jail in 2014. In between then and the offenses you have here really his only two contacts with the law were for driving instances, which actually are contacts with the law from this case. They both involve driving offenses of some sort. So it wasn't a circumstance where folks were calling in about Robert Thomas and being a big drug trafficker or things on the radar with the drug task force or somebody doing undercover buys with him. It was actually incidental to other law enforcement action that they found both the firearm in his truck as well as the narcotics in the vehicle that were the foundation for the drug weight in this case.

So I think that meets the characteristics that show why the Sentencing Commission after doing their analysis and research over years had made its recommendation just because of the extensive enhancement that would otherwise be applicable.

In terms of other mitigating factors, Your Honor, under 18 U.S.C. 3553, which supports a significant variance as a non career offender in this case, apart from the drugs that were involved, is that Mr. Thomas does have things in his history that shows he can be a productive member of the

community. He was able to get a high school diploma. He's maintained employment throughout his life independent of the times that he was in custody in the Missouri Department of Corrections, and so he's shown he's got the ability to do that.

I think the major problem that he had is he also has significant substance abuse issues, and ultimately those will trip you up in some form or fashion, as they did in this particular instance, and the driving conduct that led to the investigations against him for the counts for which he was found guilty of here.

He's acknowledged that he's got those substance abuse issues, and one of the things we would ask for, Your Honor, is a recommendation to the residential drug program within the Bureau of Prisons.

We would also ask that the judgment reflect a placement in the FCI El Reno in Oklahoma or FCI Fort Worth in Texas. Both of those locations have the RDAP program. They're also fairly close to his family, which brings me to my other point related to Mr. Thomas that I think weighs in his favor, Your Honor.

As the Court can see, there's a number of individuals from his family, from the community, in addition to the letters that were previously submitted to the Court about his character that this man has an effect on other people's lives, and they have interacted with him and he's had an effect

on them.  So he has a support system that's out there.  What he must candidly do is rely on that support system more than he has previously in order to keep himself on the right track.

Even with the sentence that we recommend, Your Honor, he's going to be doing a mandatory minimum of five years of supervised release for Count No. 4, which is the possessing a firearm in connection with a drug trafficking offense.  So even after he serves his sentence he's certainly -- he's 38 right now.  He could still have a lot of meaningful time with his family in which he's actively involved and also his children; and so based upon those factors, Judge, we believe that a sentence no greater than the mandatory five-year sentence for Count 4 and a five-year sentence on Count 1, which would be the 32 to 41 months, would satisfy a just sentence and one not greater than necessary.

THE COURT:  Thank you, Mr. Poindexter.

Mr. Thomas, is there anything that you'd like to say this afternoon?

THE DEFENDANT:  Yes, Judge.  Can I speak right here?

THE COURT:  You can.  Thank you.

THE DEFENDANT:  I'm not comfortable with this mask on.

Well, first of all, I want to apologize to the Court as well as my family.  I accept full responsibility for my actions.  And even though my actions are part of my past, I

7

on them.  So he has a support system that's out there.  What he must candidly do is rely on that support system more than he has previously in order to keep himself on the right track.

Even with the sentence that we recommend, Your Honor, he's going to be doing a mandatory minimum of five years of supervised release for Count No. 4, which is the possessing a firearm in connection with a drug trafficking offense.  So even after he serves his sentence he's certainly -- he's 38 right now.  He could still have a lot of meaningful time with his family in which he's actively involved and also his children; and so based upon those factors, Judge, we believe that a sentence no greater than the mandatory five-year sentence for Count 4 and a five-year sentence on Count 1, which would be the 32 to 41 months, would satisfy a just sentence and one not greater than necessary.

THE COURT:  Thank you, Mr. Poindexter.

Mr. Thomas, is there anything that you'd like to say this afternoon?

THE DEFENDANT:  Yes, Judge.  Can I speak right here?

THE COURT:  You can.  Thank you.

THE DEFENDANT:  I'm not comfortable with this mask on.

Well, first of all, I want to apologize to the Court as well as my family.  I accept full responsibility for my actions.  And even though my actions are part of my past, I

7

refuse for them to be a part of my future.  I want to acknowledge that my failings and mistakes don't define who I am, but how I pick myself back up does.

It's been almost ten years since my last incident with the law, so it's disappointing to me that I'm standing here in front of you today.

To my family and my friends I want to apologize to them for any burdens I left upon them.  I want to say thank you for their love and support, for giving me the courage to become a better person.  To my mother, to the members of my church, I want them to know that even though I'm not there in a physical form, I'm always there spiritually.  All the additional love means everything to me.

To my children, Ijanique and Robert, I just want you all to know that times might get hard without me being there, but God always sees its toughest soldiers through its strongest battles.  I just want you all to remember that.

Your Honor, I would like to take the necessary steps to become a better father, better son, and a better member of my community, and I will do that by learning and understanding that my actions don't only affect me but also people around me. So I will take the necessary steps to utilize these programs to set the stone for my future.

I have a couple of job opportunities available upon my release.  So I'm asking that with the help of you

1  stipulating me to RDAP, I may return soon.
2              I just ask that you find it in your heart to have
3  mercy on me and give me a chance to show my growth.
4              Thank you, Your Honor.
5              THE COURT:  Thank you, Mr. Thomas.
6              Mr. Alford, anything you would like to say?
7              MR. ALFORD:  Yes, Your Honor.  Would you like me at
8  the lectern or is this okay?
9              THE COURT:  Either way is fine.
10             MR. ALFORD:  Judge, the government's going to
11 recommend a sentence at the low end of the guidelines, which
12 would essentially be a 60-month sentence on Count 2 with three
13 years' supervised release and $100 special assessment, then on
14 Count 4 202 months of imprisonment to run consecutive with
15 Count 2, then five years of supervised release to run
16 concurrent with the supervised release on Count 2 and another
17 $100 special assessment.
18             In arriving at that decision, Judge, I would repeat
19 many of the things Mr. Poindexter said.  He did a very eloquent
20 job of highlighting the pluses for this defendant, and I think
21 it's fair to say that he didn't play any games.  We didn't have
22 to exercise any needless and meritless litigation with respect
23 to motions to suppress.  He took acceptance of responsibility
24 early on.  He has family support here, which is I think always
25 a good sign and hope for rehabilitative potential.

1          There was an interim time since he was released from
2 his last misconduct, but it wasn't that long.  I think he --
3 actually in December of 2017 was one of the charges we had here
4 so there were a couple years where he got released from
5 confinement where he didn't have run-ins with the law, but it
6 wasn't an extended period of time.
7          But I think those are all the reasons why a low-end
8 guideline sentence is appropriate, but I do think a guideline
9 sentence is appropriate.  And the main concern is when you look
10 at the sentencing factors as to history of this defendant, he's
11 in criminal history category VI.  He has several prior drug
12 offenses, possession with intent to distribute offenses or
13 distribution offenses, and here again he's got drugs that are
14 found on him in the relevant conduct of this case.
15          He has a prior burglary which is obviously a very
16 serious offense.  But most disconcerting is his prior
17 manslaughter conviction, which is in paragraph 36 of the PSR.
18 That was originally charged as murder.  It was a shooting
19 incident and somebody died.  That didn't conform this
20 defendant's behavior even though that was a very, very serious
21 offense.
22          In looking at the nature of the offense and relevant
23 conduct in this case, I mean this case started because the
24 defendant's vehicle hit a pedestrian and he fled from the
25 scene.  That's very concerning, very concerning that this

1    defendant is putting people in the community at risk.

2            So for those sentencing factors, as well as an
3    interest to promote respect for the law, specific deterrence
4    for this defendant because his priors have not deterred him
5    from his conduct -- I think it's also noteworthy that this
6    defendant has got a benefit with the government's plea
7    agreement in that the United States agreed to dismiss Count 3,
8    which had a mandatory minimum of 15 years.  That was a provable
9    offense; but as the government knew this Court would have a
10   just sentence, we didn't want to bind the Court's hands, so we
11   agreed to make that concession, but I think it's important for
12   the Court to know the defendant via the plea agreement got a
13   substantial benefit.

14           So for all of those reasons the United States is
15   requesting a low-end guideline sentence, Judge.

16           THE COURT:  All right.  Thank you, Mr. Alford.

17           Well, Mr. Thomas, it's an extremely difficult
18   situation that you've gotten yourself into, mostly because of
19   your criminal record here.  It's also very surprising and hard
20   to understand when I read the letters I received in support of
21   you and when I see the tremendous family support you have here
22   how you could continue to commit significant, and I believe
23   it's a reflection in the presentence report, violent crimes
24   against others and never understand the need for you to reform
25   your conduct until you speak to that now, and also to be a

person who provides the kind of support that your kids need emotionally and financially and the example that you need to set for young children as to how they should live their lives and what's acceptable and what's not acceptable.

It's hard to understand how you dug your hole as deep as you have. You clearly are classified as a career criminal; and as Mr. Alford says, the punishment could be a lot worse, not that it's not bad as it is.

I believe that your history has shown that you're a danger to others in society. You have not reformed yourself. I hope that maybe in this circumstance you're finally at a bottom point where you're going to take all that seriously and you're going to recognize that if you're going to have any kind of a productive life when you get out, you've got to change.

It seems pretty obvious to me that you're a bright person and you've got options in your life. You had options in your life better than you've done, much better than what you've done. It's hard to understand why you chose this path, but you did and that's where we are.

Mr. Thomas, taking into consideration all of the sentencing factors set forth under 18 U.S.C. Section 3553, including your history and characteristics, all as reflected in the presentence report and what I've already spoken to, the need for the sentence to reflect the seriousness of your offense, promote respect for the law, provide just punishment,

afford adequate deterrence to criminal conduct, and, quite frankly, as I said, protect the public from future crimes by you, as well as the opportunity to provide you with correctional treatment, and, if nothing else, I hope you use this time to better yourself. You've got the ability to do that, but it's up to you whether you take advantage of those opportunities or not to change your life and stay out of prison once you get this behind you.

Taking all of those factors into consideration, I'm going to sentence you to a term of 180 months on Count 2 and 60 months on Count 4 consecutive to Count 2. I'm going to order that you be -- upon your release that you be placed on supervised release for a period of three years on Count 2 and five years on Count 4 with those terms to run concurrently or at the same time.

I find that you do not have the ability to pay a fine. I waive the imposition of any fine. But you are ordered to pay the United States a special assessment in the amount of $100 on each count for a total of $200.

Mr. Thomas, when you go on supervised release, I'm going to order that you comply with all the mandatory and standard conditions that have been adopted by the Court for supervision as well as the special conditions listed in Part D of the presentence investigation report.

Mr. Poindexter, I'm confident you've reviewed those

1 with Mr. Thomas; is that correct?

2 MR. POINDEXTER: Yes.

3 THE COURT: Thank you.

4 Mr. Thomas, I'm going to order that you be retained
5 in custody for service of the sentence imposed.

6 I will recommend to the Bureau of Prisons that you
7 be considered for placement in the bureau's facility near El
8 Reno or Fort Worth as requested and that you be given the
9 opportunity to participate in the bureau's RDAP program given
10 the substance abuse issues that are reflected in your
11 presentence report.

12 I know the government has some counts to dismiss,
13 but before we get to that -- well, go ahead, Mr. Alford.

14 MR. ALFORD: Well, Judge, on your sentence I think
15 with Count 2 you indicated it was 180 months, but Count 2 has a
16 statutory maximum of five years, so I think that the Court can
17 get to the same sentence, but I think that the announcement of
18 judgment needs to be --

19 THE COURT: I reversed that, didn't I? I'm sorry.
20 Thank you for that clarification. And I misspoke as to the
21 term on the respective counts. It should be 60 months on
22 Count 2 and 180 months on Count 4, those terms to run
23 consecutive. Thank you.

24 Mr. Thomas, there was a waiver of your right to
25 appeal under the terms of your plea agreement; however, if you

14

1  believe there is a basis for appeal that was not waived, you
2  need to know you have only 14 days from today to file a notice
3  of your intent to appeal.  If you don't file that notice within
4  14 days of today, all right to appeal is waived and forfeited
5  by you.
6              I would like to reflect that it's obvious that you
7  have tremendous family support and hopefully the Bureau of
8  Prisons will take that into consideration in placement in the
9  facility as recommended.
10             Mr. Alford, do you have some counts to dismiss?
11             MR. ALFORD:  Yes, Your Honor.  The United States
12 moves to dismiss Counts 1, 3, 5, and 6 pursuant to the plea
13 agreement.
14             THE COURT:  Those counts are dismissed at the
15 government's request.
16             Ms. Berry, that sentence, I believe 4B1 -- does
17 4B1.1 negate the statutory range and reflect a different range
18 or is that right in terms of the adjustment I made to switching
19 the amount --
20             THE PROBATION OFFICER:  I think switching them is
21 the right thing to do.  It's still an advisory guideline
22 sentence.
23             THE COURT:  It doesn't override the statutory?
24             THE PROBATION OFFICER:  I don't think so.
25             THE COURT:  Okay.  I just wanted to make sure we had

15

```
 1   the record correct on that.  Thank you.
 2               Mr. Poindexter, do you have anything further that
 3   needs to be addressed?
 4               MR. POINDEXTER:  No, Your Honor.
 5               THE COURT:  And, Mr. Alford, do you?
 6               MR. ALFORD:  No, Your Honor.
 7               THE COURT:  All right.  Thank you all.
 8               (Court adjourned at 2:54 p.m.)
 9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
```

CERTIFICATE OF OFFICIAL REPORTER

I, Katherine A. Calvert, Federal Official Court Reporter, in and for the United States District Court for the Western District of Missouri, do hereby certify that the foregoing is a true and correct transcript of the stenographically reported proceedings in UNITED STATES OF AMERICA, Plaintiff, vs. ROBERT J. THOMAS, JR., Defendant, No. 18-00272-01-CR-W-GAF.

Dated this 23rd day of September, 2020.

_____
KATHERINE A. CALVERT, RMR, CRR
FEDERAL OFFICIAL COURT REPORTER